## WEINKRANTZ v. HUMBOLDT LIBRARY.

(Supreme Court, Appellate Term.   June 28, 1900.)

APPEAL AND ERROR—JUDGMENT FOR PLAINTIFF—QUANTUM MERUIT—EXCUSE
FOR NONPERFORMANCE—WORK STOPPED BY DEFENDANT.
    Where plaintiff recovered, on a quantum meruit, under a contract to do
    certain work on books, error predicated on the fact that he failed to show
    an excuse for nonperformance of the balance of the contract would not
    be reviewed on appeal, where the evidence tended to show that defendant
    stopped the work himself.

Appeal from municipal court of city of New York.

Action by Samuel Weinkrantz against the Humboldt Library for
services.   From a judgment in favor of plaintiff, defendant appeals.
Affirmed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Alden & Carpenter, for appellant.
Maurice B. Blumenthal, for respondent.

PER CURIAM.   As the appellant's only point is that the plaintiff
failed to prove any excuse for his nonperformance of the contracts
that would entitle him to recover for his services on the unfinished
books, and as the evidence tends to show that work upon the contract
of October 6th was stopped by the defendant, the judgment is affirmed,
with costs.

---

## BUCKLEY v. ZIMMERMAN et al.

(Supreme Court, Appellate Term.   June 28, 1900.)

1. PLEADING AND PROOF—VARIANCE.
    A complaint charging defendant as a principal debtor in an action for
    use of a hod elevator is not supported by proof that the elevator was
    rented to a contractor employed by defendant, and that defendant prom-
    ised to keep enough out of the amount due the contractor to pay the rent
    of the elevator.

2. CONTRACT—WANT OF CONSIDERATION.
    Where defendant's promise to retain enough out of the money due a
    contractor employed by him to pay for the use of a hod elevator rented
    by the contractor is unsupported by any consideration, plaintiff cannot
    enforce it.

3. SAME—STATUTE OF FRAUDS—PLEADING.
    Where defendant is sued for the use of a steam hod elevator rented to a
    contractor employed by defendant, and defendant orally promised to re-
    tain enough from the amount due the contractor to pay the rent, it is not
    necessary that defendant should plead the statute of frauds; he being
    sued as a principal debtor, and not on his promise to answer for the
    debt of another.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by James J. Buckley against Joseph Zimmerman and Albert
Saxe.   From a judgment in favor of plaintiff, defendants appeal.
Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Martin Saxe, for appellants.
Fitzgerald & Stokes, for respondent.